UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN M. PINUELAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GREG D. LEWIS, et al.,<br><br>　　　　Respondents. | Case No. 14-cv-00045-WHO (PR)<br><br>**ORDER STAYING ACTION** |

　　Petitioner Pinuelas filed this federal habeas action, which contains only unexhausted claims, to challenge a state parole revocation. He moves to stay the petition so that he can exhaust his state judicial remedies.

　　Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

　　The petition for a writ of habeas corpus is construed as a protective petition and STAYED and held in abeyance so that Pinuelas can exhaust his unexhausted claims in the state courts. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoners who run risk

of having federal statute of limitation expire while exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); *see also Rhines v. Webber*, 544 U.S. 269, 277-78 (2005) (district court has authority to stay mixed petition where there was good cause for petitioner's failure to exhaust claim in state court and the claim is potentially meritorious).

The Clerk is directed to ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this matter until Pinuelas exhausts his claims and, within 30 days of completing the exhaustion process, moves to reopen the action and dissolve the stay.

Pinuelas's motions to proceed *in forma pauperis* (Docket Nos. 2 and 6) are DENIED as moot, the filing fee having been paid. The Clerk shall terminate Docket Nos. 2 and 6, and administratively close the action.

**IT IS SO ORDERED.**

**Dated:** May 8, 2014

WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PINUELAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GREG D. LEWIS, et al.,<br><br>　　　　　Defendant.<br>_____/ | Case Number: CV14-00045 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 8, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Ruben M. Pinuelas P41035
Pelican Bay State Prison SHU/D-9 #222
P.O. Box 7500
Crescent City, CA 95532

Dated: May 8, 2014

　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　By: Jean Davis, Deputy Clerk